BERTHA KAUFMAN, Appellee, v. HARRY BORG, Appellant.

No. 41269.

April 5, 1932.

W. L. Barker and Putnam, Putnam & Forrest, for appellant.

Elwood & Elwood and McCook & Lyons, for appellee.

FAVILLE, J.—On or about the 1st day of June, 1930, the appellee and her husband were the guests of the appellant in riding in appellant's automobile to attend a picnic. On the homeward trip the appellant was driving his automobile on a graveled highway, the traveled portion of which was about 24 feet in width. It is the contention of the appellee that the appellant was driving the automobile at said time at a speed of from 50 to 60 miles an hour, while the appellant contends that the speed of the car was about 35 to 40 miles an hour. It appears that while so driving the automobile left the traveled track and passed over the edge of the shoulder of the highway so that at first the two right-hand wheels were in the ditch, which was not very deep. The automobile proceeded for some little distance in this man-

ner and then moved farther to the right so that all four wheels were in the ditch. It appears that the speed of the automobile was not materially slackened while it was progressing along the ditch, and that the appellant attempted to turn the automobile from the ditch back upon the traveled portion of the highway. This required him to cramp the fore wheels to the left. He was unable to accomplish this maneuver and the automobile turned over several times, throwing out all the occupants and injuring the appellee. In his answer the appellant pleaded that an emergency was created by a deflated tire. It appears that after the right wheels of the automobile first entered the ditch the automobile moved approximately 210 feet before it turned over, and appellee contends in argument that the appellant was guilty of reckless driving in the operation of the automobile after the time that the wheels first entered the ditch, and in driving it along the ditch at a high rate of speed, and in attempting to turn it back upon the traveled portion of the highway in the manner described.

The foregoing is a sufficient outline of the record and the issues for the consideration of the errors relied upon for reversal.

I. Upon the *voir dire* it appears that a prospective juror was asked as to whether or not he was a policyholder or in any way interested in a certain insurance association. Objection was made to this question and a colloquy was held between the court and counsel in regard to said matter in the absence of the jury, and at said time, and in the absence of the jury, the court stated that it was satisfied that the reference made to the insurance company was made by appellee's counsel in good faith, and a ruling on the motion of the defendant to discharge the jury and continue the case was reserved. The matter seems to have ended at this point. The jury was selected and the cause tried and it appears that the court made no ruling upon the motion of the appellant to discharge the jury until more than four months after the verdict and judgment, the entry reciting that the court had overlooked the entry of this ruling prior to said time.

Assuming, without deciding, that the question of error is properly before us, the action of the trial court did not constitute reversible error. We have recently had occasion to consider this question in Raines v. Wilson, 213 Iowa 1251. The matter

of the latitude that shall be allowed in the examination of jurors upon *voir dire* necessarily and properly rests very largely in the discretion of the trial court. Improper matters should not be inquired into and the examination should in no way be permitted to be utilized for the purpose of attempting to inject prejudicial matter improperly into the minds of the jury. Questions of procedure of this character are especially within the discretion of the trial court and in the case at bar we are satisfied from an examination of the record that no prejudicial error was committed.

II. It is contended by appellant that the court erred in giving Instruction No. 3, wherein reference is made to a prior instruction defining the issues, in which the word "careless" is used.

Nowhere in the exceptions to the instructions or in the motion for a new trial does it appear that the appellant called the attention of the trial court to the particular error urged against this instruction. Therefore the appellant is in no position to complain of the alleged error, and we cannot review it.

III. The court instructed the jury as to the meaning of "recklessness," "negligence," and "contributory negligence," and also as to the "reasonable care and diligence an ordinarily prudent person would use under the circumstances (of an emergency) as shown by the evidence."

The appellant particularly complains of the giving of Instruction No. 5 on the subject of negligence. It is not that the instruction is erroneous as an abstract statement of law, but the appellant contends that the submission of the subject of negligence in an action of this character, arising under the so-called "guest statute," tended to confuse and mislead the jury and leave it uncertain as to whether the jury should determine the question of liability solely on the alleged "recklessness" of the appellant or upon negligence as defined by the court.

We are of the opinion that there is merit in this contention of appellant. It is proper to observe that the case was tried and the motion for a new trial overruled before our discussion in Siesseger v. Puth, 213 Iowa 164, which we have followed in Neessen v. Armstrong, 213 Iowa 378, and Kaplan v. Kaplan, 213 Iowa 646.

IV. The appellant pleaded "that the sole and proxi-

mate cause of this accident and plaintiff's resulting damage, if any, was the left hind tire on defendant's car going down or becoming deflated and causing defendant's car to go into the ditch. Defendant further states that the condition of this tire created an emergency and the acts or failure to act on the part of the defendant thereafter were not reckless under the law."

Instruction No. 9 was as follows:

"You are instructed when a driver of a motor vehicle is faced by a sudden emergency he is under the law not required to exercise the same degree of care that a person must exercise when there is time for deliberation and if you find by a preponderance of the evidence that at the time or immediately before this accident the left hind tire of the defendant's car became deflated and caused defendant's car to swerve into the ditch and thereby created a sudden emergency, then the defendant would not be required to exercise the same degree of care that a person must exercise when there is time for deliberation. However, he must use such reasonable care and diligence as an ordinarily prudent person would use under the circumstances as shown by the evidence."

The appellant excepted to said instruction and also to the failure of the court to submit to the jury the appellant's defense tendered in his answer that the deflated tire was the sole and proximate cause of the accident. We think there is merit in this complaint of the appellant. There was evidence from which the jury might have found that while driving upon the traveled portion of the highway the left rear tire on appellant's automobile became deflated and that this did create an emergency. It was pleaded specifically by the appellant in his answer that such was the fact and that same was the sole and proximate cause of the accident, and that the act or failure to act on the part of the appellant under such conditions was not reckless. It is obvious that Instruction No. 9 deals solely with the question of negligence. No instruction was given on the question as to whether or not, if the jury found that the tire became deflated as claimed by the appellant, they should determine whether such deflation was the sole and proximate cause of the accident, and also whether said fact, if it be a fact, created an emergency, and

whether or not the appellant acted recklessly in view of such emergency.

It is the well-established rule in this state that it is the duty of the court to submit to the jury on its own motion the issues presented when there is evidence tending to sustain them, and especially so if there is evidence tending to sustain an issue which is material to the proper determination of the rights of the parties. First National Bank v. Cook, 171 Iowa 41; Faust v. Hosford, 119 Iowa 97; Overhouser v. American Cereal Co., 128 Iowa 580; Clark v. Monroe County Fair Assn., 203 Iowa 1107. We think the court should have submitted to the jury on its own motion the affirmative defense pleaded by the appellant and left it for the jury to determine whether or not the same constituted the sole and proximate cause of the injury. It was not enough to merely instruct the jury with regard to the question of negligence arising out of an emergency. This did not meet the issue tendered by appellant's answer. As bearing somewhat on the question, see Kelly v. Gagnon, 236 N. W. 160 (Neb.)

V. It is contended that the court erred in overruling appellant's motion for a directed verdict. In view of a reversal and a possible retrial, we make no pronouncement upon this question.

Other errors relied upon for reversal are not likely to occur upon a retrial of the case. The case arises solely under the so-called guest statute, and if sent to the jury should have been submitted to the jury upon the theory of liability for recklessness without reference to the theory of negligence.

For the reasons pointed out, the judgment must be and it is—Reversed.

WAGNER, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.