Joseph E. Garrity, Administrator, Appellant, v. Gertrude M. Mangan, Administratrix, Appellee.

No. 46026.

November 24, 1942.

Rehearing Denied February 12, 1943.

Bollinger & Donegan, of Davenport, and E. C. Halbach, of Clinton, for appellant.

Putnam, Putnam, Fillmore & Putnam, of Des Moines, and R. J. Lynch, of DeWitt, for appellee.

Hale, J.—This is an action by Joseph E. Garrity, administrator of the estate of John J. Garrity, deceased, against Gertrude M. Mangan, administratrix of the estate of Arthur

Mangan, deceased, for damages arising from the death of John J. Garrity in an automobile accident. The appeal is by plaintiff from the action of the court in sustaining motion for directed verdict for the defendant.

Plaintiff's petition was in two counts. Count I alleges that defendant's decedent, Arthur Mangan, drove his car from the highway and into a culvert, that the death of plaintiff's decedent and damages to his estate were caused as a result of defendant's decedent being under the influence of intoxicating liquor, and that no act or conduct on the part of plaintiff's intestate in any way caused or contributed thereto. Count II alleges that at the time defendant's decedent drove said automobile he was under the influence of intoxicating liquor, that in so operating said automobile he was guilty of negligence, that the damage to the estate of plaintiff's decedent was caused as the result of said Arthur Mangan being under the influence of intoxicating liquor and as a result of the negligence of the said Arthur Mangan in so operating said automobile when under the influence of intoxicating liquor, and further pleads freedom from contributory negligence. Defendant's answer pleads, first, a general denial, and after admission that plaintiff was administrator of the estate of John J. Garrity, deceased, specifically denies that the intoxication of defendant's decedent resulted in negligence which was a proximate cause of the accident, and alleges that plaintiff's decedent was under the influence of intoxicating liquor and guilty of contributory negligence. Count II of said answer, in answer to counts I and II of the petition, alleges that if defendant's decedent was under the influence of intoxicating liquor, the plaintiff's decedent had knowledge, or in the exercise of ordinary care should have had knowledge, and assumed all risk.

Plaintiff's decedent, John J. Garrity, 65 years of age, and defendant's decedent, Arthur Mangan, 39, were neighboring farmers. On the evening of May 2, 1939, Garrity left his home to return a borrowed horse to Mangan. They apparently started to DeWitt together in Mangan's automobile and were first seen about 6:30 or 7 o'clock that evening at a store which sold beer, called the Robin's Nest, on the Lincoln Highway about five

miles east of DeWitt, where beer was served to Mangan but not to Garrity. They were again at the Robin's Nest later on that evening, about 11 or 11:30, when the proprietor, Knabe, served them each one bottle of beer. According to the testimony, Mangan drank all of his and Garrity drank about half of his bottle. About 9 o'clock they were seen at a tavern called J. and J.'s in DeWitt. About 10 o'clock that evening they were at Keiner's Tavern in DeWitt, where Mangan ordered two bottles of beer, and when they left, Mangan's bottle was empty and Garrity's was partially empty. About 10:30 or 11 they came back to J. and J.'s tavern. Gribbon, the proprietor, stated that he delivered beer to both of the men, in bottles, he thought, and they both drank part of the beer, but he was unable to state that either one drank all of his. At that time Mangan was talking loudly. When they came back to the Robin's Nest on their return from DeWitt, after being served with beer Mangan asked for another and the proprietor refused. According to the testimony, Mangan was talking loudly, and in the opinion of the witness, Tague, was under the influence of intoxicating liquor. They then left the Robin's Nest and afterward Tague, with his companion, Anderson, and two girls who were with them, also got into their car, and driving east found Mangan's car about a mile east of the Robin's Nest on the Lincoln Highway. The Mangan car was off the highway and shoulder and down by the culvert on the south side of the bridge over the east-and-west road, which road was straight and level. When the Tague car reached the scene of the accident Garrity and Mangan had already been taken to DeWitt, by some passing truckers, to the office of Dr. Snyder. Garrity never fully regained consciousness. According to the doctor's testimony, a quantity of whisky and intoxicating liquor was found in the stomach content of each of the men. Both men died as a result of the accident. The tracks of Mangan's car were traced from the culvert back up to the south edge of the pavement 40 or 50 feet. The tracks went gradually into the ditch. There was one flat tire and the windshield was broken. Garrity had never owned an automobile, and never drove one or tried to learn to drive. He was not an habitual user of liquor.

At the conclusion of plaintiff's testimony defendant moved for directed verdict, by motion in two separate divisions of eight grounds each applicable to counts I and II of plaintiff's petition. It is from the sustaining of this motion that the plaintiff appeals.

Appellant assigns a number of errors by the court in sustaining the motion to direct a verdict. There are argued in the briefs of both appellant and appellee various matters which are not necessary to consider herein. It is our opinion that the grounds of the motion were sufficient to warrant the action of the court in sustaining the motion, which was sustained generally.

The grounds of the motion to direct as to counts I and II were similar, and in general were: insufficient evidence, failure to sustain the burden of proof, failure to show proximate cause, lack of evidence of intoxication, failure to show freedom from contributory negligence, intoxication of appellant's decedent, and duty to set aside a verdict if for the appellant.

The guest statute, section 5037.10, Code of 1939, under which recovery can be had, is as follows:

"5037.10 Guest statute. The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire unless damage is caused as a result of the driver of said motor vehicle being under the influence of intoxicating liquor or because of the reckless operation by him of such motor vehicle."

In the absence of statute a guest would have a right to recover under the common-law liability of the driver for negligent acts causing damage to the guest, but the liability under section 5037.10 must arise when the damage is caused either by reckless driving or as the result of the driver of said motor vehicle being under the influence of intoxicating liquor.

It is argued by the appellee that there is no evidence that injury to appellant's decedent was the result of the intoxication; that the car, when it ran off the traveled portion of the highway and struck the culvert, and injured its occupants, may

have been crowded to one side by an approaching or passing vehicle; that there may have been some defect in the mechanism of the car itself, or that it may have turned suddenly from its path on account of a flat tire or from some other cause, and that the accident is attributable to intoxication of the driver is not shown by the proof; that the injury to the car and its occupants could have been sustained by a person not under the influence of liquor and through no fault of the driver, and the record is barren of any facts, except that the two men left the tavern, with evidence that Mangan was intoxicated, and after an interval they were found a mile away, injured as the result of the collision with the culvert. We do not think it necessary to determine this question, since we believe that under other issues raised in the appellee's answer the court was right in its ruling.

In count II of appellee's answer, in answering counts I and II of the petition, assumption of risk is specifically pleaded, charging that Garrity had knowledge, or in the exercise of ordinary care should have had knowledge, that Mangan was under the influence of intoxicating liquor, and thereby assumed all the risks and dangers incident to the claimed condition of Mangan.

Appellant insists that in the motion for directed verdict this question was not raised, and, not having been before the district court, cannot be considered here. In this, however, we do not agree with appellant. We think the general grounds set out in appellee's motion for directed verdict cover this question, and it was plainly and specifically pleaded in the answer as a separate and special ground of defense. In the motion contributory negligence was alleged, and while contributory negligence as such is not available as a defense under ordinary reckless driving, yet the distinction between such and assumption of risk in a case where the guest knows that the driver is intoxicated is often very difficult to define. We think the general terms of the motion for directed verdict, in connection with all the pleadings, would authorize our consideration of that question here.

Strictly speaking, assumption of risk is technically not the correct term, although it has by usage become as commonly known, understood, and applied as in master-and-servant cases.

The words "acceptance of risk" are perhaps more purely descriptive in cases of tort. It has been held by this court that one who enters a place of danger, as in case of becoming a guest in an automobile, knowing and appreciating the driver is incompetent, inexperienced, reckless, or intoxicated, acquiesces in the operation of the car and would be held to be assuming the risk of the resulting accident. In the case of intoxication numerous cases support this rule. See White v. McVicker, 216 Iowa 90, 246 N. W. 385, cited in Wittrock v. Newcom, 224 Iowa 925, 277 N. W. 286. Although the distinction has been made by our courts at various times, it seems to us reasonable and clear that one who enters a car as a guest, knowing that the driver is under the influence of intoxicating liquor, should be deemed to take his chances of an accident and resulting injury, and such has been the holding of various courts.

Cases cited by appellee include Schubring v. Weggen, 234 Wis. 517, 291 N. W. 788, where the holding of the court was that when the driver of the automobile and the guest spent their time in taverns drinking intoxicating liquor, the administratrix was barred from recovery for the injury and wrongful death of the guest, if the driver had become obviously drunk, on the ground that the guest had assumed the risk. Appellee also cites another Wisconsin case, Markovich v. Schlafke, 230 Wis. 639, 284 N. W. 516, where the holding was that the guest, who knew that the driver had been up all night and indulging in intoxicating liquor, and who observed the drowsiness of the driver, had assumed the risk. And such seems to be the holding of the Wisconsin courts, as also in the case of Biersach v. Wechselberg, 206 Wis. 113, 238 N. W. 905, where the holding was that the guest in an automobile, who knows the careless habits of the driver, or of driver's intoxication, or who permits unlawful speed, assumes the risk of resulting injuries.

In the instant case, under the evidence, the fact remains that appellee's decedent was either intoxicated or he was not. If not, there would be no cause of action. Under the uncontradicted evidence, if he was intoxicated it must have been obvious to his companion, who was with him all the evening previous to the accident. Therefore, the doctrine of assumption of risk

would apply, and it would be held as a matter of law that the appellant's decedent assumed the risk of riding with a drunken driver. In either event, there could be no recovery.—Affirmed.

WENNERSTRUM, C. J., and MILLER, GARFIELD, SAGER, OLIVER, BLISS, and STIGER, JJ., concur.