H. E. MILLER, Appellant, v. FRED D. MATHIS, Appellee.

No. 46097.

APRIL 6, 1943.

222

Stipp, Perry, Bannister & Starzinger, of Des Moines, for appellant.

Harold S. Thomas and Kent Emery, both of Des Moines, for appellee.

MILLER, J.— ■   Plaintiff's petition asserts that plaintiff is a practicing attorney and that defendant is a realtor; that on December 30, 1940, at the instance and request of defendant, plaintiff accompanied defendant, in an automobile owned and operated by defendant, for the purpose of driving from Des Moines to Sioux City to secure an affidavit for correction of the title to property in the sale of which both parties were interested; that defendant was negligent in the operation of his automobile, resulting in serious personal injuries to plaintiff for which he sought judgment in the sum of $10,000. The petition as amended asserted eight specifications of negligence, only four of which were submitted to the jury in the court's statement of the issues, as follows:

"1.   In driving said car at a high and excessive rate of speed at said time and place under the conditions and circumstances then and there existing.   2.   In failing to have said car under control at the aforesaid time and place.   3.   In operating said automobile at the time and place aforesaid at such a rate of speed so as not to be able to stop within the assured clear distance ahead.   4.   In failing to keep a proper lookout."

The answer of the defendant contained three divisions, but, in the statement of the issues, the court submitted only the following:

"The defendant denies each and every material allegation in plaintiff's petition contained.   The defendant denies that defendant was negligent but alleges that whatever the conditions of driving and conduct of the driver were at the time of the accident, plaintiff had knowledge thereof and acquiesced therein."

The jury returned a verdict in favor of the defendant, and, judgment being entered thereon, plaintiff appeals.

While the plaintiff assigns two errors, they both relate to the court's giving of Instruction No. 12, as follows:

"You are instructed that it is the law of this State that if a passenger in an automobile acquiesces in the method and manner of operation of the same by the operator, or if the passenger voluntarily becomes a guest in an automobile and after he has assumed his position in the car it comes to his knowledge that the driver is operating the car in a negligent manner and there is danger of injury to himself, and with such knowledge on his part he acquiesces in the method and manner of the operation, he cannot recover. Therefore if you find that defendant has established by preponderance of the evidence that the plaintiff in this case, after assuming his position in the automobile driven by the defendant had knowledge that the defendant was operating his car in a negligent manner and there was danger of injury to himself in such operation, and he failed to protest the manner and method of its operation and sat by and acquiesced in such operation, he cannot recover. It is for you to determine, under all of the evidence in this case, whether the plaintiff had such knowledge and did or did not protest the manner and method of the operation of the automobile driven by the defendant at the time and place in question."

Plaintiff excepted to the giving of said instruction and made the exceptions thereto one of the grounds of his motion for a new trial. His assignment of error in this court, based upon the exceptions taken in the trial below, asserts that the instruction was erroneous because the question of assumption of risk did not arise in the case, the instruction was not limited to those matters which the plaintiff had the opportunity to see and appreciate and regarding which he had time to make a choice, but was applied generally to the conditions right up to the time of the catastrophe, when he had no opportunity to make a choice, was too broad because it was for the jury to say whether a reasonably prudent man would have protested to the driver.

The record herein presents disputed questions of fact. Briefly, the jury was warranted in finding the following facts: Plaintiff and defendant undertook to drive from Des Moines to Sioux City in defendant's car with defendant driving. They

started out at about 3 p. m., December 30, 1940. The accident that caused plaintiff's injuries occurred about a mile and a half southeast of Mapleton, about 8 p. m. They ran into snow west of Guthrie Center. Plaintiff suggested they take the Hiawatha train on the Milwaukee railroad. It was still snowing when they turned north at Harlan. As they approached Denison, plaintiff suggested the snow was getting thick, it was getting hard to drive, that they change to a bus or train. They stopped for dinner at Denison, checked up on schedules, but continued in defendant's car. It was snowing when they left Denison. Plaintiff rode in the front seat. He made no suggestions how the car should be driven. The accident occurred at a curve in the highway as it approached a bridge. As the road approached the curve it was straight for a distance of two miles. There was snow on the ground; it was slushy and snowing; defendant was driving about sixty-five miles per hour; the windshield wipers were working; they made the corner curve but lost the road, went through a guard rail into a ravine.

In his exceptions to Instruction No. 12, plaintiff asserted:

"The whole matter happened so quickly that there was no chance to make a selection, and the plaintiff had no opportunity to get out of the car or make a choice. The question whether he in this brief interval should have spoken to the defendant is not one of assumption of risk but one of contributory negligence, and in such an interval the time for speaking is insufficient to correct the error which caused the impending accident."

Defendant, on the other hand contends:

"But it will not do for the appellant in a suit based upon a trip that lasted over four hours, and under allegation 'that he was riding in the automobile of the defendant for their mutual, definite and tangible benefit', and, after testifying to the jury of driving a hundred miles through snow and on a wet and slippery pavement, to now ask this court to confine its decision to the last one and one-third seconds prior to the accident."

As above pointed out, the first and third specifications of negligence, which the court submitted to the jury, asserted that

defendant operated the automobile at a high and excessive rate of speed under the conditions and circumstances then existing and greater than would permit him to bring the car to a stop within the assured clear distance ahead. Plaintiff's own testimony is to the effect that the weather conditions were adverse, that he was apprehensive and repeatedly suggested changing the mode of travel. Plaintiff and his witnesses testified that it had been snowing just before the accident and their testimony indicates that it was snowing at the time; the road was wet; it was dark; visibility was not good. Plaintiff testified that defendant was driving sixty-five miles an hour. The jury might have found that the speed was excessive and that the excessive speed under adverse driving conditions caused defendant to "lose the road," with plaintiff's injury resulting therefrom, and that plaintiff knowingly acquiesced in such excessive speed under adverse driving conditions for sufficient length of time to have assumed the risk of injury therefrom. On the other hand, the jury might have found that the defendant failed to keep a proper lookout when he undertook to make the turn and that this was the sole proximate cause of the accident. If the jury made the former finding on the issue of proximate cause, plaintiff could not recover because of his contributory negligence. If it made the latter finding, that would not be so, because, for acquiescence to be contributory negligence it must be in reference to that negligence which caused the injury.

For example, in 4 Blashfield's Cyclopedia of Automobile Law and Practice, Perm. Ed., 336, section 2514, the author states:

"Where, at the time a guest accepts the invitation to ride in an automobile, the weather conditions are such as to make it dangerous to take the projected trip, the guest assumes the risk of injury from the hazards thus present to his view and understanding; but he is not precluded from recovering unless the risk thus assumed is the cause from which his injury derives."

Much confusion exists over the so-called doctrine of assumption of risk. In the recent case of Garrity v. Mangan, 232 Iowa 1188, 1192, 6 N. W. 2d 292, 295, we state:

"Strictly speaking, assumption of risk is technically not the

correct term, although it has by usage become as commonly known, understood, and applied as in master-and-servant cases. The words 'acceptance of risk' are perhaps more purely descriptive in cases of tort. It has been held by this court that one who enters a place of danger, as in case of becoming a guest in an automobile, knowing and appreciating the driver is incompetent, inexperienced, reckless, or intoxicated, acquiesces in the operation of the car and would be held to be assuming the risk of the resulting accident. In the case of intoxication numerous cases support this rule. See White v. McVicker, 216 Iowa 90, 246 N. W. 385, cited in Wittrock v. Newcom, 224 Iowa 925, 277 N. W. 286. Although the distinction has been made by our courts at various times, it seems to us reasonable and clear that one who enters a car as a guest, knowing that the driver is under the influence of intoxicating liquor, should be deemed to take his chances of an accident and resulting injury, and such has been the holding of various courts.''

That case arose under the so-called guest statute [section 5037.10, Code, 1939]. In such cases, liability is not predicated upon negligence, but upon recklessness or intoxication of the driver. Contributory negligence is not in issue. Assumption of risk is an affirmative defense, in the nature of confession and avoidance.

In the case of Edwards v. Kirk, 227 Iowa 684, 288 N. W. 875, attempt was made to inject the doctrine of assumption of risk as a defense to an action for negligence. In that case plaintiff was a passenger on a motorcycle which was struck by defendant's car. The allegations that plaintiff assumed the risk of the negligence of the operator of the motorcycle were stricken on motion. On appeal the order was affirmed. We point out that, for one to assume a risk there must be an opportunity to appreciate the danger, time for a choice. At page 692 of 227 Iowa, page 879 of 288 N. W., we state:

''There was no time for deliberation; no opportunity to choose. To jump would have been certain injury. He was suddenly caught in a trap not of his own choosing, but due to the combined action of the drivers of the two vehicles over which he had no control.'' And we conclude as follows: ''We are unwill-

ing to introduce into the law pertaining to the many cases based on negligence, growing out of automobile collisions, the doctrine contended for by appellant.''

The facts in Edwards v. Kirk were different from those now before us. It was not contended that plaintiff assumed the risk of defendant's negligence, but that of a third party, and the time element was different than here. In view of the concluding pronouncement of that case, however, we are reluctant to inject the doctrine of assumption of risk as an affirmative defense in a case such as this. We think that the question falls properly under the issue of contributory negligence and that, so interpreted, the rights of both parties are better protected in a jury trial. In a case under the guest statute, contributory negligence is not in issue. Assumption of risk, if relied on, must be asserted as an affirmative defense. The doctrine is also defensive in those jurisdictions where contributory negligence is an affirmative defense. Such is the situation in this jurisdiction by statute in master-and-servant cases. Section 11210, Code, 1939; Lang v. Hedrick, 229 Iowa 766, 775, 295 N. W. 107, 112, and cases cited therein. But in this jurisdiction, in cases like the one now before us, the plaintiff has the burden of proving freedom from contributory negligence. In such a case, acquiescence in defendant's negligence, if relied on, constitutes an issue that pertains to a matter upon which plaintiff has the burden, rather than an issue on which defendant has the burden. To require a court to instruct upon contributory negligence and include the issue of acquiescence there and also to instruct upon that issue as an affirmative defense would inject confusion into the case which should be and can be avoided by confining the issue to the instruction on contributory negligence.

In discussing contributory negligence, we state in Dreier v. McDermott, 157 Iowa 726, 736, 737, 141 N. W. 315, 319, 50 L. R. A., N. S., 566, as follows:

''Men have a right to assume positions of danger. They have a right to struggle for the mastery. They have a right, so far as they themselves are concerned, to imprudently put themselves in positions of danger, but, when they do this, the consequences of their rashness must fall upon their own heads.

"It has been repeatedly held that where one knowingly places himself in a place of danger which he might easily have avoided he assumes all the risks incident thereto."

The foregoing pronouncement has been repeatedly followed by later decisions of this court. Quite a few such decisions are cited in the next to the last paragraph of our opinion in Lewis v. Cratty, 231 Iowa 1355, 1365, 4 N. W. 2d 259, 263. In such cases, acquiescence in a position of danger that is obvious or readily apparent has been held to be contributory negligence.

In the case of Gowing v. Henry Field Co., 225 Iowa 729, 737, 281 N. W. 281, 285, we state:

"When plaintiff, with his hands full standing on the roof of this two-story building facing out into space, undertook the acrobatic feat of either walking down this steep incline as he would an ordinary stairway or of balancing himself on one heel and swinging his body around as he brought his other leg over the balustrade to face the ladder without the aid or assistance of his hands, he created his own danger. He assumed the hazard or risk such conduct entailed and must be held as a matter of law to have contributed in some degree to his own injury."

Similar expressions, that plaintiff assumed the risk, have been used in automobile cases where the plaintiff acquiesced in the negligence of the driver and was said to be guilty of contributory negligence. Scory v. LaFave, 215 Wis. 21, 254 N. W. 643, 645; Grassie v. American LaFrance Fire Engine Co., 95 Cal. App. 384, 272 P. 1073, 1075; Maybee v. Maybee, 79 Utah 585, 11 P. 2d 973, 976; Rebillard v. Minneapolis, St. P. & S. S. M. R. Co., 8 Cir., N. D., 216 F. 503, 507, L. R. A. 1915B, 953; Clise v. Prunty, 108 W. Va. 635, 152 S. E. 201, 203; Hardie v. Barrett, 257 Pa. St. 42, 46, 101 A. 75, 76, L. R. A. 1917F, 444. In the last-cited case, the Pennsylvania court states:

"The rule is well established that, when possible dangers, arising out of the negligent operation of a hired vehicle or a conveyance in which one is riding as an invited guest, are manifest to a passenger, who has any adequate opportunity to control the situation, if he sits by without protest and permits himself to be driven on to his injury, this is negligence which will bar recov-

ery. In other words, the negligence of the driver is not imputed to the passenger, but the latter is fixed with his own negligence when he joins the former in testing manifest dangers."

In the case at bar, there were manifest dangers incident to driving at a high rate of speed under adverse weather conditions. If the jury found that this constituted negligence it was also under a duty to determine whether plaintiff, with knowledge thereof, acquiesced therein and that such negligence was the proximate cause of plaintiff's injury. But, as pointed out in Edwards v. Kirk, supra, there must be sufficient time to make a choice. One does not acquiesce in a danger that presents itself suddenly with no opportunity to avoid it. The court submitted to the jury four allegations of negligence. Under the record herein, the allegedly negligent rate of speed under the weather conditions then existing was known to the plaintiff. The jury should have been charged with the duty of determining whether such negligence, if any, constituted the proximate cause of plaintiff's injury and, if so, whether plaintiff acquiesced therein and assumed the risk thereof so that he cannot recover therefor. But the alleged failure to maintain a proper lookout does not fall within the same category because such negligence, if any, arose suddenly, without time for plaintiff to have known or appreciated it. .

Accordingly, we think that the giving of Instruction No. 12 was error for two reasons. In the first place, the issue there discussed should have been incorporated in the instruction on contributory negligence.

In the second place, the jury should have been more adequately advised that, for acquiescence of plaintiff in negligence of the defendant to bar recovery, the negligence acquiesced in must have been the proximate cause of plaintiff's injury.— Reversed.

All JUSTICES concur.