KERMIT G. REEVES, appellant, v. DELORES BEEKMAN and GERALD BEEKMAN, appellees.

No. 51263.

(Reported in 127 N.W.2d 95)

MARCH 10, 1964.

Arthur J. Crawford and Mark McCormick, both of Fort Dodge, for appellant.

Rider, Bastian & Beisser by Ralph W. Bastian, of Fort Dodge, for appellees.

SNELL, J.—Plaintiff, Kermit G. Reeves, sought damages for injuries received while riding in an automobile owned and operated by defendant, Delores Beekman. Plaintiff's petition alleged that defendant, Gerald Beekman, was the owner of the car. This was apparently a mistake. He was neither owner nor operator. The court dismissed the case against him. Delores Beekman will be referred to as the defendant.

At the close of all the evidence the court sustained defendant's motion and directed a verdict for defendant. Plaintiff's motion for new trial was overruled and plaintiff appealed.

The issues are the sufficiency of the evidence to generate a jury question on the status of plaintiff as a guest or otherwise; the issues of recklessness and intoxication; and the affirmative defense of assumption of risk. We will mention only such evidence as may be germane to the issues before us. Where controverted we will consider it in the light most favorable to plaintiff.

Plaintiff was a resident of Kansas City but had been working and staying in Des Moines. He had business interests and friends in Fort Dodge and was there on December 3, 1960. Mrs. Schlessinger (she is now Mrs. Hill and will be so referred to), Mr. and Mrs. Beekman and plaintiff were friends. In midafternoon plaintiff, Mrs. Hill, defendant and defendant's husband, Gerald Beekman, met at a tavern in Fort Dodge. Mrs. Hill brought her own bottle and drank whiskey and Squirt. Each of the others drank three large glasses of beer.

Mrs. Beekman was sad and depressed because of the death

of a friend at Pomeroy. She wanted to go there to pay her respects to the deceased. She asked Mrs. Hill to go along for company. She told plaintiff "to come along" and said plaintiff and Mr. Beekman could talk about their work. She also testified "just to have somebody to talk to would help bring things happier, I thought."

After about two hours spent in the tavern the four friends started for Pomeroy in defendant's car. Defendant was driving. For refreshments on the way Mr. Beekman "took a six-pack of beer on the trip", and Mrs. Hill took her whiskey.

The two ladies rode in the front seat. The two men rode in the back seat. Each of the men drank two cans of beer. Defendant drank one can of beer.

Between Fort Dodge and Pomeroy the party stopped at a bakery in Manson and at a farm home.

Arriving in Pomeroy plaintiff and Mrs. Hill repaired to a convenient tavern. Plaintiff drank a bottle of beer and Mrs. Hill a bottle of Squirt. Mr. and Mrs. Beekman went to the funeral home. The Beekmans joined plaintiff and Mrs. Hill in the tavern after about ten minutes. After thirty to forty-five minutes spent in the tavern plaintiff bought a six-pack of beer for the return trip and the party got in the car and drove south on Highways No. 17 and No. 5. Plaintiff, describing himself as "bartender in the car", opened three cans of beer, one each for Mr. and Mrs. Beekman and himself. It was then discovered that Mrs. Hill's bottle of whiskey had been left in the tavern in Pomeroy. They turned around, returned to Pomeroy and retrieved the missing bottle. The trip south on Highways No. 17 and No. 5 was resumed with the same seating arrangement as on the trip from Fort Dodge. Plaintiff poured some whiskey into a bottle of Squirt and handed it to Mrs. Hill.

About two miles south of Pomeroy Highway No. 5 turns east. Between Pomeroy and the turn to the east Mrs. Beekman had a can of beer in her hand. How much of the beer she drank does not appear. There is a dispute in the evidence as to the speed of the car, but plaintiff estimated the speed at 60 miles per hour and testified that defendant did not slow down for the turn. A jury could so find. Plaintiff testified "When she

was driving we were cruising along about sixty and everything was, you know, everything was all right." If defendant was driving 60 miles per hour on the curve she was driving in excess of the speed stated on the cautionary road signs. The road signs were visible. Defendant had driven the road before. A jury could have found that she was negligent.

In going around the curve to the east the car struck the south curb, careened back and forth across the road out of control and then rolled over. The occupants, including plaintiff, were injured. Mrs. Beekman was hospitalized for an extended period and at the time of trial was still suffering from a partial retrograde amnesia.

I. The first problem is the sufficiency of the evidence to generate a jury question on plaintiff's status in the car. If he was merely a guest, evidence of negligence is not sufficient to support his claim.

Our "Guest Statute", section 321.494, Code of Iowa, provides:

"Guest statute. The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire unless damage is caused as a result of the driver of said motor vehicle being under the influence of intoxicating liquor or because of the reckless operation by him of such motor vehicle."

We have repeatedly held that one who rides in an automobile " 'for the definite and tangible benefit of the owner or operator' or 'for the mutual, definite, and tangible benefit of the owner or operator on the one hand, and of himself on the other' is not a guest within the meaning of section 321.494 and he may recover for negligence of the driver. One who claims this statute is not applicable has the burden to prove his status was other than a guest." Winter v. Moore, 255 Iowa 1, 9, 121 N.W.2d 82, 86. See also Hardwick v. Bublitz, 253 Iowa 49, 53, 111 N.W.2d 309, and Livingston v. Schreckengost, 255 Iowa 1102, 125 N.W.2d 126.

In Murray v. Lang, 252 Iowa 260, 266, 267, 106 N.W.2d 643, we said: "* * * we have in effect created a presumption,

rebuttable, that an occupant riding in a car operated by another person is a guest within the meaning of section 321.494, and has the burden of proving otherwise in an action predicated upon negligence of the operator or owner."

▮ Such benefits to the operator or owner as are incidental to hospitality, social relations, companionship or the like are not definite and tangible benefits as are contemplated by the statute. Murray v. Lang, supra, loc. cit. 267, and Livingston v. Schreckengost, supra.

The cases cited and relied on by plaintiff were much stronger factually than the case now before us. They do not support plaintiff's position.

In Winter v. Moore, supra, the plaintiff and defendant were on the way to Omaha to jointly purchase a wedding gift for a mutual friend.

In Bodaken v. Logan, 254 Iowa 230, 117 N.W.2d 470, plaintiff went with the driver at the driver's request to help pick out uniforms to wear in school.

In Ritter v. Dexter, 250 Iowa 830, 95 N.W.2d 280, plaintiff was in defendant's car at the operator's request to help him look for stolen fender skirts.

Our most recent pronouncement was in Livingston v. Schreckengost, supra, 255 Iowa 1102, 125 N.W.2d 126. The driver and passenger had been friends for many years. Both were schoolteachers and both needed summer school to renew their certificates. They arranged to take turns furnishing transportation between their homes and Cedar Falls. We held that there were obvious advantages enjoyed by both and that a jury could find a tangible mutual benefit to both parties.

▮ The case before us discloses no evidence to take it out of the guest statute.

Defendant asked Mrs. Hill to accompany defendant to Pomeroy for company. She invited plaintiff to come along and said plaintiff and defendant's husband could talk about their work. Between plaintiff and defendant there was nothing beyond hospitality, social relations and companionship. There might have been some mutuality of interest in drinking beer but we are not inclined to hold that is enough evidence of mutual, defi-

nite and tangible benefit as to take the case out of the guest statute or make a jury question.

There is nothing in the record to rebut the presumption that plaintiff was a guest within the meaning of the guest statute.

■ II. Plaintiff alleged but did not offer any evidence to support the claim of recklessness. The point is not argued and we mention the evidence as to defendant's driving only as it bears on the question of intoxication. There was evidence from which a jury could find that the speed of the car in traversing the curve was excessive. The car was obviously out of control. Plaintiff testified defendant did not brake the car. By plaintiff's own admission, however, "everything was all right." The evidence shows complete approval of defendant's driving by the occupants of the car. There were no comments from anyone, no remonstrance, and no evidence of disregard for or indifference to consequences by defendant.

There was no evidence to support a charge of recklessness and nothing in the description of defendant's driving to indicate that she was intoxicated.

For definition of "recklessness" see Iowa Uniform Jury Instruction No. 5.10 and cases cited.

Drinking beer while driving or riding on the public highway is neither conducive to safety nor looked upon with favor. It is a violation of the law punishable as a misdemeanor. Section 124.37, Code of Iowa.

Plaintiff by his own testimony not only drank beer while in the car, but acted as bartender for the others. He was a principal in the disregard of the law.

The record is not clear and we need not determine how much beer defendant drank. Neither are we called upon to decide how much beer can be consumed without causing intoxication.

Except for the fact that her car went out of control on the turn in the road there is no evidence that defendant was intoxicated. No one so testified. No one testified to anything to so indicate. Plaintiff, himself, testified that "everything was all right." He must have thought so because just before the accident

he opened a can of beer for defendant. Plaintiff's claim of intoxication fails for lack of evidence.

III. In argument the parties agreed that assumption of risk was pleaded and an issue in the case.

As pointed out in Garrity v. Mangan, 232 Iowa 1188, 1192, 1193, 6 N.W.2d 292, and Miller v. Mathis, 233 Iowa 221, 226, 8 N.W.2d 744, the term "assumption of risk" has by usage become commonly understood although the words " 'acceptance of risk' are perhaps more purely descriptive in cases of tort."

Assumption of risk is an affirmative defense. Miller v. Mathis, supra, loc. cit. 227.

A litigant who pleads and relies on an affirmative defense must carry the burden of proving it. Citation of authority is unnecessary. Rule 344(f)5, Rules of Civil Procedure.

It is only in exceptional cases that an affirmative issue may, as a matter of law, be decided in favor of the one who has the burden. This is such a case. The four people, including plaintiff and defendant, were together from about 2:30 p.m. until after 6:30 p.m., except for about ten minutes. In two different taverns and in defendant's car they all visited and drank together. Plaintiff purchased, and as bartender served, the last refreshments before the accident. He was not merely an observer. He was even more than a participant. He was the source of supply and promoter of the activities and alleged condition upon which he now seeks recovery.

We paraphrase from Garrity v. Mangan, supra, loc. cit. 1193. Defendant was either intoxicated or she was not. If not, there is no cause of action. Under the uncontroverted evidence if she was intoxicated it must have been obvious to plaintiff who was with defendant for at least four hours and who furnished part of the beverage. Therefore, the doctrine of assumption of risk would apply, and, as a matter of law, plaintiff assumed the risk of riding with a drunken driver. In either event there can be no recovery.

The case is—Affirmed.

All JUSTICES concur.