BETTY CHRISTOPHERSON, as administratrix of estate of Raymond Christopherson, deceased, appellant, v. RONALD CHRISTENSEN and LAVERN CHRISTENSEN, jointly and individually, appellees.

No. 51936.

(Reported in 140 N.W.2d 146)

Wunschel & Schechtman, of Carroll, and Paul D. Strand, of Decorah, for appellant.

Edward S. White, of Carroll, for appellees.

LARSON, J.—Plaintiff's action is brought to recover damages alleged to have been caused by the wrongful death of her decedent while a passenger in defendant's automobile at about 12:30 a.m. on the night of December 15, 1963. Although the title to the car was in his father's name, we shall designate only the driver Ronald Christensen here as defendant. Plaintiff's petition alleged inter alia that defendant driver "recklessly and while he was intoxicated, drove" his vehicle off the roadway into a ditch, throwing decedent out and causing his death. The defendant denied this allegation and affirmatively alleged, if the evidence would establish those allegations, that plaintiff's decedent assumed the risk. The trial court overruled defendant's motions to direct and submitted the issues to a jury, which returned a verdict for plaintiff. Thereafter the trial court sustained defendant's motion for judgment notwithstanding the verdict, and plaintiff appeals. Two assigned errors are relied upon for reversal. Appellant contends the trial court erred in sustaining appellees' motion for judgment on the ground that decedent had assumed the risk as a matter of law, and on the ground that appellant had produced insufficient evidence to sustain her burden of proof as to recklessness under section 321.494, Code of Iowa, 1962. This section, known as the Iowa Guest Statute, provides as follows: "The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in said motor vehicle as a guest, or by invitation and not for hire unless damage is caused as a result of the driver of said motor vehicle being under the influence of intoxicating

liquor or because of the reckless operation by him of such motor vehicle."

I. Cases under the guest statute are nearly always troublesome and this one is no exception. The burden to establish the charge of recklessness or of intoxication of the driver of the automobile in a guest case, like other affirmative allegations, is upon the pleader (rule 344(f)5, R. C. P.), but in passing upon a motion to direct, the evidence must be viewed in its aspect most favorable to plaintiff. Rule 344(f)2, R. C. P. With these well-established primary rules in mind, we turn to the evidence as disclosed in the record.

II. After work on December 15, 1963, the defendant Ronald Christensen, age 20, the decedent Raymond Christopherson, age 34, and other employees of an Audubon feed mill, met socially at a local tavern between 3 and 4 p.m. During the next three or four hours they each had four or five glasses of beer. Defendant testified he went to a cafe where he ate a hamburger and french fries and drank a cup of coffee. Decedent went home to clean up. They met again perchance at a pool hall and tavern about 10 p.m., played a game of pool, and then decided to go to Carroll 27 miles away "to see what was going on." Decedent was a newcomer in that locality and they had never been out together before. That trip was made without incident and, upon arrival at about 10:45 p.m., they visited the Western Inn tavern and each had a bottle of beer. A half hour later they went to the Pastime tavern, where each had two bottles of beer. They stayed until nearly closing time at twelve o'clock midnight, and then decided to return home.

Defendant recalled that after they had started to leave Carroll, he asked decedent if he wanted to drive, stating he was getting sleepy. The next thing he knew he "woke up in the ditch" near Coon Rapids. He made his way to the road where he was picked up by a motorist and taken to a doctor's office in Coon Rapids. He told the doctor he had been alone, but when a local officer investigated the scene of the accident he found decedent's body some 20 to 30 feet northeast of the wrecked 1961 Pontiac two-door automobile.

The party who brought defendant into Coon Rapids testi-

fied he saw the wrecked car in the field to his right, and that as defendant came to his car he staggered a little, was weaving some, and had to be helped into the car. He detected an odor of beer, but said defendant's only complaint was that he was cold. The temperature at that time was 18 degrees below zero. The night was clear and the blacktop highway was somewhat frosty. The place of the accident was where the road turned to the left at the beginning of an S curve. There was a highway commission curve sign north of this curve.

Donald Smith, the marshal at Coon Rapids, investigated the accident and found decedent's body. The next morning he took notes and made measurements. He testified there was a cement slab railing along the west side of this stretch of road designed to avoid such accidents, that due to the road buildup and snow next to it, the original height of 24 inches had been reduced to 12 to 16 inches, that he saw car tracks by the railing which indicated the right front wheel had gone over the railing near the start of the curve, that a car had straddled the railing for about 50 feet, and as the railing curved to the east the left wheels had gone over the railing. From there the tracks followed the bank around the curve approximately 80 to 90 feet, when it appeared the rear wheels began to drop or slide westward down a very steep bank. Then it appeared from the indentations that the car rolled over some 30 feet, flipped over again, and came upright in a fence row taking out four fence posts for 30 feet. It came to rest in a field some 30 feet farther on, and was located about 75 feet from the roadway. The banks were snow-packed and drifted on the east side, so snow was pushed aside as the car came down the bank. Apparently the left door of the car was broken off in the overturn and it was found 50 to 60 feet southeast of the car. Except for these bits of physical evidence and some scratches found in the cement rail made by a car frame, there was no evidence of brake application or tire marks on the highway. No one testified regarding speed, and no one opined as to how the right wheel of defendant's car happened to cross over this railing, designed to deflect a motor vehicle which failed to make the turn properly.

When passing on defendant's motion for directed verdict at

the close of the evidence, the trial court expressed the view that the evidence of recklessness was insufficient for jury consideration, but in view of the close questions as to intoxication and the assumption of risk, it was going to overrule the motion and would be disposed to review the matters upon proper motion after jury consideration, if necessary. After a jury verdict for plaintiff in the sum of $19,500, that motion was made. The court then concluded it erred in submitting the issue of recklessness, that although there was probably sufficient evidence of intoxication for jury consideration, the evidence compelled a finding that decedent assumed the risk as a matter of law. Thus there could be no recovery. We are inclined to agree with that conclusion and affirm the judgment for defendant.

III. Reckless operation of a motor vehicle, as used in section 321.494, means more than negligence, more than want of ordinary care. Kauzlarich v. Fitzwater, 255 Iowa 1067, 1069, 125 N.W.2d 205; Clark v. Marietta, 258 Iowa 106, 138 N.W.2d 107; Beletti v. Schuster, 253 Iowa 1166, 115 N.W.2d 858; Winter v. Moore, 255 Iowa 1, 12, 121 N.W.2d 82, 88, and citations; Allbee v. Berry, 254 Iowa 712, 714, 119 N.W.2d 230; Nehring v. Smith, 243 Iowa 225, 49 N.W.2d 831; Paulson v. Hanson, 226 Iowa 858, 285 N.W. 189; Siesseger v. Puth, 213 Iowa 164, 239 N.W. 46. We have consistently said it means, proceeding with no care coupled with disregard for consequences, the acts must manifest a heedless disregard for or indifference to the rights of others in the face of apparent danger or danger so obvious that the operator should be cognizant of it, when the consequences of such actions are such that an injury is a probability rather than a possibility. An error in judgment does not amount to recklessness. Kauzlarich v. Fitzwater; Clark v. Marietta; Beletti v. Schuster; Winter v. Moore, all supra; Fritz v. Wohler, 247 Iowa 1039, 1041, 78 N.W.2d 27, 28. Also see Volume 8, No. 2, Drake Law Review, May 1959, and cases cited therein.

Appellant contends the evidence, taken in the light most favorable to her, discloses excessive speed, a sleepy driver, and excessive beer consumption. Thus, our problem is whether there was sufficient evidence to sustain those contentions. Since there was no direct evidence of speed, plaintiff relies upon circum-

654

stantial evidence. If it was insufficient to prove excessive speed under the circumstances and fails to disclose a heedless disregard for consequences and no care in the operation of the car at the time of this accident, she cannot recover. She cites and relies upon cases where there was direct or conclusive evidence of excessive speed, not present here, where the circumstances revealed would justify a finding of recklessness. Anderson v. Elliott, 244 Iowa 670, 57 N.W.2d 792; Allbee v. Berry, supra, 254 Iowa 712, 714, 119 N.W.2d 230; Lewis v. Baker, 251 Iowa 1173, 104 N.W.2d 575; Delay v. Kudart, 256 Iowa 523, 128 N.W.2d 201.

■ Speed or excessive speed is not always an essential element of recklessness, but when present must be considered. Speed, we have said, does not operate in a vacuum. Anderson v. Elliott; Allbee v. Berry; Lewis v. Baker; Delay v. Kudart, all supra; Martin v. Cafer, 258 Iowa 176, 138 N.W.2d 71.

In the Delay case plaintiff's chief reliance was on excessive speed. There we found substantial evidence of excessive speed, that the evidence of speed in excess of 100 m.p.h. was not merely possible but probable, and more probable than that these parties testing a speedy car were driving at a reasonable speed on that highway. This case has gone about as far in finding reckless operation based on circumstantial evidence as we have been able to find, but even there we distinguished the factual situation from that in McBride v. Dexter, 250 Iowa 7, 92 N.W.2d 443, Hardwick v. Bublitz, 254 Iowa 1253, 119 N.W.2d 886, Beletti v. Schuster, supra, 253 Iowa 1166, 115 N.W.2d 858, Wilcox v. Hilligas, 254 Iowa 204, 117 N.W.2d 42, and Fritz v. Wohler, 247 Iowa 1039, 78 N.W.2d 27, where there was a failure to make a turn in time, or where the evidence merely showed a momentary inadvertence or act of negligence where control of the car was lost and it turned over in a ditch injuring the guest. It was also pointed out that in these cases other traffic was not involved, and to permit recovery it would have been necessary to infer recklessness from the results. In Delay there was evidence supporting a jury finding based on evidence other than results.

■ We think the evidence in the case at bar fails to support a finding of excessive speed. It is clear appellant bases her claim

largely on the evidence of the results. From the apparent path and damage to the car she infers excessive and reckless speed. We cannot agree, and do not believe the facts disclosed would support such an inference. Indeed, there is no evidence that the results would not have been the same at any reasonable speed.

Factually, this case is quite similar to Goodman v. Gonse, 247 Iowa 1091, 76 N.W.2d 873, and Beletti v. Schuster, supra, where we held evidence of recklessness insufficient when in a moment of inadvertence the right wheels of defendant's automobile dropped off a blacktop road onto an unfinished shoulder, and where in an attempt to get back on the road the driver lost control, the vehicle overturned, and the guest was injured. The evidence here shows no more than a moment's inadvertence which permitted the right wheels of defendant's automobile to cross over a low barrier near the curve. As in the Goodman and Beletti cases, the driver then lost control of the car and it slid or rolled down the steep bank, fatally or seriously injuring the guest. Evidence of speed in those cases, 50 miles per hour, was not considered excessive.

Here we find no testimony or opinion offered as to the speed of defendant's car as it approached this S curve, and no evidence that it had been erratically driven before that incident. We cannot speculate on such elements. To permit proof of excessive speed or recklessness from the result of a failure to turn left before defendant's front right wheel came into contact with this railing would be doing just that. In the absence of any showing as to defendant's persistence in a course of conduct which tended to prove heedlessness, and of evidence of intentional driving in the face of danger or dangerous circumstances, plaintiff's cause must fail. Delay v. Kudart, supra, and citations.

■ Sleepiness is a circumstance relied upon to show defendant's awareness of danger. We have never held sleepiness alone was sufficient to generate a jury question on recklessness. Paulson v. Hanson, supra, 226 Iowa 858, 285 N.W. 189; Kaplan v. Kaplan, 213 Iowa 646, 239 N.W. 682. In the Paulson case we held defendant was entitled to a directed verdict even though there was evidence the driver realized he was sleepy and continued to drive. Also see Duncan v. Lowe, 221 Iowa 1278, 268

N.W. 10. We find herein no circumstances which would cause a departure from that decision. In any event, when defendant said he felt sleepy in Carroll, he also said decedent relieved him as driver. There is no evidence he was sleepy or drowsy when he resumed driving, if he did, sometime later on the road to Coon Rapids. In this regard, although defendant admits he was the driver, the record is not clear that he had resumed driving. If decedent was driving, plaintiff could not recover. .

■ As to the element of intoxication, no one testified defendant was intoxicated, nor did anyone express any opinion as to whether the beer consumed did or would tend to cause him to exercise no care in his driving. We cannot speculate on this vital matter, and conclude the circumstances revealed, including that of beer consumption, viewed in a light most favorable to plaintiff, would not support a finding of recklessness.

IV. We next consider the evidence of intoxication and, in conjunction therewith, the affirmative defense that decedent assumed the risk on this trip. We have recently, by a unanimous decision, passed upon a like contention in Reeves v. Beekman, 256 Iowa 263, 127 N.W.2d 95, and find that decision controlling here. There, as here, the parties had been together in several taverns. They had drunk together from 2:30 p.m. until after 6:30 p.m. The plaintiff had served defendant a beer while she was driving. It was not clear how much beer defendant drank, but it did appear that she lost control of her car and it ran off the road injuring plaintiff. We held there plaintiff's claim of intoxication failed for lack of evidence, for no one testified she was intoxicated. On the question of assumption of risk we referred to the cases of Garrity v. Mangan, 232 Iowa 1188, 1192, 6 N.W.2d 292, 295, and Miller v. Mathis, 233 Iowa 221, 226, 8 N.W.2d 744.

■ The term "assumption of risk" by usage is understood to mean "acceptance of risk" in such cases of tort. We held in Reeves that, although it is only in exceptional cases an affirmative defense such as assumption of risk might be decided as a matter of law, this was such a case, that "defendant was either intoxicated or she was not." If not, there was no cause of action on that count, but that if it were determined she was intoxicated

it must have been obvious to plaintiff due to the association, and therefore under the doctrine of assumption of risk plaintiff could not recover. Our position on this question was carefully considered in Garrity v. Mangan, supra, and cases cited therein.

The evidence of defendant's intoxication is not great. As stated, we do not speculate on how much beer can be consumed over a period of eight hours without causing intoxication. It is doubtful that intoxication can be proven in that manner. Here there was testimony by one who observed the defendant and plaintiff's decedent in Carroll near midnight that they did not appear to be intoxicated. The doctor who treated defendant in Coon Rapids did not believe he was intoxicated. He testified defendant suffered a brain concussion in the accident, a loss of memory, "retrograde amnesia", and attributed his reactions after the accident to the injury rather than to beer he may have consumed. Thus the only evidence tending to prove intoxication was the beer consumed by his own admission and the testimony of the party who found him at the scene shortly after the accident occurred. We think it was insufficient.

On the other hand, it clearly appears decedent was aware of defendant's drinking after work, was with him from 10 p.m. until the accident, consuming drink for drink with defendant, and must be charged with actual knowledge of his condition when they started home from Carroll.

It is quite clear, where one has actual knowledge of the risk or danger, his right to recover in tort actions for injuries resulting from participation is barred. We have consistently held that where one enters a place of danger, such as becoming a guest in an automobile, knowing and appreciating that the driver is inexperienced, reckless or intoxicated, he acquiesces in the operation of the car and is held to assume the risk of an accident and injury to himself. Garrity v. Mangan, supra, 232 Iowa 1188, 1193, 6 N.W.2d 292, 295; White v. McVicker, 216 Iowa 90, 246 N.W. 385; Wittrock v. Newcom, 224 Iowa 925, 277 N.W. 286. In most jurisdictions it is held that when the driver and the guest spend their time in taverns drinking intoxicating liquor, the guest or his legal representative is barred from recovery for the injury or wrongful death of the guest, if the driver had be-

come obviously drunk, on the ground that the guest had assumed the risk. It was so decided in Markovich v. Schlafke, 230 Wis. 639, 284 N.W. 516, where it appeared the guest knew that the driver had been up all night and indulged in intoxicating liquor and had observed the drowsiness of the driver.

Appellant concedes our established position on like matters, but contends it is not clear here that testator knew of defendant's condition, that he had not been with him in Audubon from 7:30 p.m. until 9:30 p.m., and in that period defendant could have consumed more intoxicants. As pointed out previously, the evidence of the association of these men over an extended period of time, the beer consumed, and their actions, have not been disputed. We think defendant's condition and behavior were obvious to decedent, and that he made his choice to remain defendant's guest on the trip home with that knowledge.

The conclusion is, therefore, inescapable that the doctrine of assumption of risk applies, and as a matter of law plaintiff cannot recover, and the court's action in sustaining defendant's motion for judgment notwithstanding the verdict must be affirmed.—Affirmed.

All JUSTICES concur.