ORVILLE LAMAAK, appellee, v. HAROLD BROWN, as administrator of estate of Elmer Roger Ogren, deceased, appellant.

No. 52257.

JANUARY 10, 1967.

1326

Hamilton & Connell, of Storm Lake, for appellant.

Bernard L. Willis, of Lake City, and Thomas L. Mc-Cullough, of Sac City, for appellee.

SNELL, J.—Defendant has appealed from final judgment for plaintiff in an automobile guest case.

Because of the limited nature of the points presented and argued on appeal only a brief review of the evidence is necessary.

During the evening of January 22, 1964, without prearrangement, four young men, all of age, met in a Wall Lake cafe. They were friends. They were plaintiff Orville Lamaak, defendant's decedent, Elmer Roger Ogren, who was killed in an accident later that night, LaVern Bruening and Allan Brotherson. They had "a beer or two" while there. After some time they drove to a tavern in Breda. They stayed there about one hour and each had "a couple mugs of beer to drink." They next went to the Pigtail Lounge in Denison. Plaintiff and defendant's decedent each had "a shot or two" of whiskey. The other two "stayed on beer." They left the Pigtail Lounge, drove around a while and then went to a place called Slick's Inn. They each had "a mug of beer." At about 12 or 12:30 a.m. they started for home. After leaving Denison plaintiff, riding in the back seat of the car, slept most of the time. For some time before and at the time of the accident plaintiff was asleep. Throughout the evening Ogren, defendant's decedent, was driving. None of the passengers testified that Ogren was intoxicated. His driving was without complaint from anyone until shortly before the accident when he was driving fast and Mr. Brotherson asked him to "slow down." Before reaching their destination the car went out of control, went in the ditch and overturned. The occupants were thrown some distance. There was ample evidence of excessive speed.

Ogren sustained injuries from which he soon died. Plaintiff was severely injured, Bruening and Brotherson were less severely injured.

Plaintiff brought action against the administrator of Ogren's estate alleging recklessness and intoxication. Defendant

denied recklessness and intoxication and affirmatively pleaded assumption of the risk.

We have not been furnished a copy of the court's instructions or exceptions thereto, if any. We were advised during argument that the court submitted to the jury recklessness, intoxication of the driver and assumption of risk by plaintiff. Except as to the propriety of submitting assumption of risk no error is claimed relative thereto. The jury returned a substantial verdict for plaintiff.

I. Defendant claims error because the court refused to direct a verdict for defendant on the theory of acceptance or assumption of the risk.

Assumption of risk is an affirmative defense and the burden is upon the defendant to establish it. Reeves v. Beekman, 256 Iowa 263, 270, 127 N.W.2d 95. Here the issue was submitted to the jury with a result adverse to defendant. To sustain defendant's position it must appear that this defense was established as a matter of law. Augusta v. Jensen, 241 Iowa 697, 701, 42 N.W.2d 383.

The testimony was to the effect that Ogren did not appear intoxicated. There was no evidence that plaintiff knew Ogren was intoxicated. Plaintiff admits there was evidence sufficient to generate a jury question but we cannot hold it established as a matter of law. Booth v. General Mills, Inc., 243 Iowa 206, 209, 49 N.W.2d 561.

It is well established that knowledge and appreciation of the danger is an essential of the defense of assumption of risk. Bohnsack v. Driftmier, 243 Iowa 383, 52 N.W.2d 79, and authorities reviewed therein.

There being no clear showing of either recklessness or intoxication, except the amount of beverages consumed, before plaintiff went to sleep, he cannot be held as a matter of law to have assumed a risk he knew nothing about.

This case is not factually comparable to Reeves v. Beekman, supra, or Christopherson v. Christensen, 258 Iowa 648, 140 N.W.2d 146, where we held assumption of risk established. Here there was direct testimony refuting knowledge of any risk.

This is not one of those exceptional cases where an affirma-

tive issue may, as a matter of law, be decided in favor of the one who has the burden.

II. The voir dire examination of the jury was not reported. Midway in the selection of the jury defendant's counsel in chambers moved for a mistrial. It was claimed that plaintiff's counsel inquired of some jurors as to any interest in any insurance company and then commented, "Then you won't let insurance bother you in what you will do in this case."

The court overruled the motion. In doing so the court commented that he had been present, heard the questions and did not feel that the questions had gone too far.

We have repeatedly held that latitude in voir dire examination within the sound discretion of the trial court should be permitted. Proper inquiry as to connection with insurance companies has been approved. Mortrude v. Martin, 185 Iowa 1319, 1332, 172 N.W. 17; Raines v. Wilson, 213 Iowa 1251, 239 N.W. 36; Kaufman v. Borg, 214 Iowa 293, 242 N.W. 104; and Montanick v. McMillin, 225 Iowa 442, 280 N.W. 608. The court might well have told the jury that whether any party had any kind of insurance had nothing to do with the issues to be decided by the jury. Price v. King, 255 Iowa 314, 321, 122 N.W.2d 318; Youngs v. Fort, 252 Iowa 939, 946, 109 N.W.2d 230.

There is no record before us indicating any abuse of discretion or error in the court's ruling.

III. With no previous notice and with no legitimate reason appearing defendant's counsel, Mr. Hamilton, was called as a witness for plaintiff. He was asked if he had a statement signed by Allan Brotherson. He said he did have. He was asked to produce it and he did so. Objections were made and in chambers defendant moved for a mistrial. Extensive argument in chambers followed. The court sustained defendant's objections to the procedure but overruled the motion for mistrial as no prejudice appeared.

Mr. Brotherson, whose written statement was sought was not a party to the lawsuit. He had been a passenger in the car. He was available as a witness but had not yet testified. He later testified for plaintiff. Plaintiff's counsel had consulted with Mr. Brotherson and presumably knew what he would say but

plaintiff had not followed any discovery procedure relative to statements of witnesses. The statement was not at that time admissible for any purpose. Counsel's procedure was unnecessary, dangerous to his cause, without justification and improper. See Wagner v. Larson, 257 Iowa 1202, 1227, 136 N.W.2d 312, 327.

Except for the fact that it subsequently affirmatively appeared that there was no prejudice we would reverse.

Allan Brotherson was later called as a witness by plaintiff. As a part of his cross-examination he was questioned about his written statement. The statement was then offered into evidence by defendant and was received. Any mystery as to its contents was removed and any impression that defendant was trying to conceal something was erased.

Defendant argues that from the premise of trial strategy and psychology he was forced to offer the statement. We appreciate defendant's position but can find no prejudice to defendant's case. We have examined the statement. It is basically a recital of events and facts not controverted. It is less favorable to plaintiff than Brotherson's testimony from the witness stand. The statement ends with these words: "he was not reckless that *nite* (sic) but was driving *to* (sic) fast."

We note that defendant also introduced into evidence a written statement of plaintiff's witness Bruening.

The situation here is not the same as in Wagner v. Larson, supra, where mystery and uncertainty remained and we found prejudice.

While we are reluctant to reverse this case the trial tactics employed by plaintiff's counsel are not viewed with favor. .

IV. Defendant argues that the cumulative effect of errors throughout the trial denied him a fair trial. We have reviewed the entire record before us and agree with the trial court that neither judgment notwithstanding the verdict nor a new trial is required.

The case is—Affirmed.

All JUSTICES concur except RAWLINGS and MASON, JJ., who dissent.

RAWLINGS, J.—Being unable to agree with the conclusions reached in Division III, I respectfully dissent.

In this connection see Wagner v. Larson, 257 Iowa 1202, 1227, 136 N.W.2d 312, 327.

I would reverse and remand for a new trial.

MASON, J., joins in this dissent.