Gladys M. BESSMAN, As Administrator of
the Estate of Leonard O. Bessman,
Deceased, Appellee,

v.

Dennis HARDING, Appellant.

No. 53833.

Supreme Court of Iowa.

April 7, 1970.

Jim R. Sween and Lundy, Butler, Wilson & Hall, Eldora, for appellant.

Hobson, Cady & Drew, Hampton, for appellee.

MASON, Justice.

This is a law action brought under the guest statute, section 321.494, Code, 1966, by Gladys M. Bessman, administrator of her husband's estate in which she seeks to recover for the death of her decedent, Leonard, alleging it was caused by the intoxication of defendant Dennis M. Harding, owner and operator of the automobile in which her decedent was a guest. Defendant alleged in defense Mr. Bessman assumed the risk of defendant's intoxicated condition when he became a guest.

The trial court overruled defendant's motion for directed verdict made at the close of plaintiff's evidence and renewed at the close of all the evidence. The case was submitted to the jury on the issues of defendant's intoxication being a proximate cause of the accident, Harding's defense decedent had assumed the risk as a bar to plaintiff's right of recovery and amount of damages sustained.

After overruling defendant's motion for judgment notwithstanding the verdict and in the alternative for a new trial, judgment was entered against defendant on the $10,000 verdict in favor of plaintiff.

Defendant has appealed asserting the trial court erred in failing to rule that plaintiff's decedent assumed the risk of defendant's intoxication as a matter of law. In the alternative defendant urges as a basis for new trial that the court erred in (1) admitting opinion testimony of patrolman McMurray as to the effect of alcoholic beverages on driving ability over defendant's objection, (2) permitting the jury to award damages for loss of services and support from decedent to his family, (3) permitting the jury to award damages for loss of accumulations to decedent's estate and (4) failing to rule the verdict was excessive.

I. The accident from which this action arose occurred around midnight, either in the late evening of February 4 or early morning of February 5, 1967, at a T-intersection three miles west and one mile south of Ackley in Hardin County, when defendant's automobile left the road and went into a ditch. Leonard O. Bessman was killed.

Defendant asserted in motion for judgment notwithstanding the verdict he was entitled to a directed verdict made at the close of all evidence, had moved therefor and the jury did not return such a verdict. In order to sustain defendant's contention urged in motion for directed verdict the evidence viewed in the light most favorable to plaintiff must, as a matter of law, compel the finding decedent knew Harding had been drinking to the extent it was dangerous to ride with him when they left on the ill-fated trip.

Stated otherwise defendant's contention presents the question whether there was evidence plaintiff's decedent was so advised of Harding's intoxicated condition that, as a matter of law, he assumed the risk of personal injury when he rode in the automobile Harding was driving.

█ Assumption of risk is an affirmative defense, the burden being upon defendant to establish it. Lamaak v. Brown, 259 Iowa 1324, 1327, 147 N.W.2d 915, 916, and citations.

█ Only in an exceptional case will an affirmative issue, as a matter of law, be decided in favor of the one who has the burden. Reeves v. Beekman, 256 Iowa 263, 270, 127 N.W.2d 95, 99; Berge v. Harris, Iowa, 170 N.W.2d 621, 623.

Dennis Harding stopped at a tavern when he got off work Saturday afternoon February 4, bought a six-pack of beer, drank one beer and went to his home in

Ackley. There he opened another can of beer, drank about half of it before eating ᐧ supper. As he was finishing supper his father-in-law, Leonard O. Bessman, arrived from Dumont. Harding offered his father-in-law a beer which he drank as Dennis finished the other half of the beer he had opened earlier. Both men then engaged in conversation until Dennis' parents arrived about 7:30 p. m. Shortly thereafter, Dennis, his father, and Mr. Bessman retired to the kitchen. Mr. Bessman gave Dennis $10, asked him to go to the liquor store and buy two pints of whiskey. Harding did so and returned home where he, his father and his father-in-law sat in the kitchen, talked and drank the liquor Mr. Bessman had paid for. During the next two and one-half hours Harding had three mixed drinks, each a shot and one-half to two shots of whiskey with a mix. Harding testified his father and father-in-law had as much and possibly more. Altogether the three men consumed one and two-thirds pints of the whiskey.

By 10:30 that evening when Mr. Bessman decided to leave the Harding home, he was obviously intoxicated. Bessman's daughter and son-in-law asked decedent to stay at their home for the evening, telling him that he could go home in the morning. However, he insisted he was going to Alden to see his nephew, then home to Dumont. Harding asked his father-in-law if he would let him drive as he and his wife agreed her father was in no shape to drive but Dennis was. Bessman agreed to let Dennis do the driving.

Defendant recalled that as he entered the automobile he tried to talk his father-in-law out of first going to Alden but Bessman still insisted. Not wanting to argue with him, defendant left on back roads toward Alden. Soon Mr. Bessman began napping and each time he did, defendant cut toward Dumont in a zig-zag pattern hopping it would not be noticed before they reached Dumont. As Harding was driving east on a gravel road between 40 and 50 miles an hour they crested a hill approaching a T-intersection, his father-in-law looked out the window, realized they were not going to Alden, stomped his foot across the hump in the floorboard and accelerated the car. By the time defendant was able to remove Mr. Bessman's foot from the accelerator, the vehicle had been accelerated to 65 m. p. h. and was within three car lengths of the intersection. Defendant attempted to break and turn the ᐧvehicle, but to no avail. Defendant's car came to rest in the east ditch of the north-south intersecting road. The next remembrance defendant had was waking up in a hospital bed in Waterloo at 9:00 Sunday morning. Dennis had had nothing to drink from the time he left home until the time of the accident.

Highway patrolman Larry James McMurray testified he received a call concerning the accident around 12:30 a. m. February 5. Both at a point one mile from the accident scene and later at the Ackley medical center he observed Mr. Harding at close range. Defendant had an odor of alcohol on his person and breath. Though not difficult to understand, he was slurring his speech and dragging out his words. From these observations it was patrolman McMurray's opinion defendant had had too much to drink to be driving an automobile.

At patrolman McMurray's request a sample of defendant's blood was taken about 1:30 a. m. the night of the accident. Lab tests revealed 190 milligrams of alcohol per 100 cc's of blood—1.9 percent alcohol content. As a result of this finding defendant pleaded guilty to an OMVI charge.

Harding had been married six years and had known his father-in-law seven years, during which time he had drunk with him four times at the very most. They had been together numerous other times.

A blood specimen was taken from the decedent which revealed an alcoholic content of 260 milligrams per 100 cc's of blood.

The foregoing constitutes the evidence bearing on defendant's intoxication as it relates to the assumption of risk issue.

II. Defendant argues it affirmatively shows he was at all material times obviously intoxicated and such condition must have been apparent.

An examination of our case law reveals six relatively recent cases involving situations where plaintiff, a guest in defendant's vehicle, engaged in social drinking with defendant prior to the accident. In that respect they are similar to the factual situation presented here. In three of these cases this court said plaintiff assumed the risk of defendant's intoxication as a matter of law. Garrity v. Mangan, 232 Iowa 1188, 6 N.W.2d 292; Reeves v. Beekman, supra; Christopherson v. Christensen, 258 Iowa 648, 140 N.W.2d 146. The others determined the applicability of assumption of risk as a defense was a question for the trier of fact. Augusta v. Jensen, 241 Iowa 697, 42 N.W.2d 383; Bohnsack v. Driftmier, 243 Iowa 383, 52 N.W.2d 79; and Lamaak v. Brown, supra.

The key factor in those cases where we refused to find plaintiff assumed the risk as a matter of law was the presence of opinion testimony of several witnesses who observed defendant immediately prior to the accident. In each instance they testified it was their opinion defendant did not appear intoxicated. See Augusta v. Jensen, 241 Iowa at 700, 42 N.W.2d at 385; Bohnsack v. Driftmier, 243 Iowa at 394, 52 N.W.2d at 85; and Lamaak v. Brown, 259 Iowa at 1327, 147 N.W.2d at 916, all supra.

A somewhat general statement to the same effect was made in Berge v. Harris, supra, 170 N.W.2d at 624.

Those cases where we found plaintiff assumed the risk as a matter of law were absent such testimony. In Garrity v. Mangan, supra, 232 Iowa at 1190, 6 N.W.2d at 293, there was opinion testimony by those who observed defendant prior to the accident that he was talking loudly and under the influence of intoxicating liquor. In Reeves v. Beekman and Christopherson v. Christensen, both supra, there was either a total lack of opinion testimony concerning defendant's appearance prior to the accident or very little evidence on the subject. In Reeves no one testified concerning the appearance of defendant prior to the accident. See 256 Iowa at 269–270, 127 N.W.2d at 99. In Christopherson one witness observed the defendant prior to the accident and stated he did not appear intoxicated. See 258 Iowa at 657, 140 N.W. 2d at 151.

In support of his contention that he was entitled to a directed verdict on the ground decedent had accepted the risk as a matter of law defendant relies heavily on Reeves v. Beekman and Christopherson v. Christensen. In the cited cases this court held plaintiff failed to generate a jury question on the issue of intoxication to bring himself within the requirements of the guest statute. Having failed in his burden of proof plaintiff could not recover. The statement that plaintiff accepted the risk of the driver's intoxication was not necessary to a decision in either case.

Defendant also cites as support Lamaak v. Brown, supra, 259 Iowa at 1327, 147 N.W.2d at 917, where defendant assigned as error the trial court's refusal to direct a verdict on the theory plaintiff had accepted the risk as a matter of law. We held since there was no clear showing of the driver's intoxication except the amount of beverage consumed, plaintiff could not be held to have accepted the risk as a matter of law.

In some of our cases considering the problem the element of the driver's intoxication was disputed. In others the guest's knowledge of the driver's intoxicated condition was not shown as a matter of law. See authorities cited in Berge v. Harris, supra, 170 N.W.2d at 624.

It may be safely asserted they support the legal proposition that a plaintiff who

voluntarily enters a vehicle with a driver known to him to be intoxicated, or who, learning of the intoxicated condition of the driver after entering the vehicle, thereafter fails to leave it at the first fair and reasonable opportunity will be denied a recovery.

The only testimony concerning Harding's condition at the time Bessman entered the car on leaving his daughter's home is defendant's own testimony that although he and his wife agreed her father wasn't in any shape to drive, he (Dennis) was.

There is nothing in the record describing Harding's conduct in the actual operation of the vehicle while he drove continually from 10:30 until midnight which could be asserted as furnishing a basis for a finding Bessman gained knowledge or became aware of Harding's intoxicated condition during the two-hour interval.

Harding's intoxicated condition at time of the accident is not in issue. At trial he withdrew his denial in answer to plaintiff's allegation he was intoxicated at the time of the accident and admitted it to be true—a judicial admission. There is also evidence he pleaded guilty to the charge of operating a motor vehicle while intoxicated filed as a result of the incident upon which plaintiff bases her action.

Defendant appeared intoxicated to the patrolman at 12:30 a. m., at 1:30 he had an alcohol content of 190 milligrams. There is no showing by expert testimony what a person who tested 190 milligrams at 1:30 would have tested three hours earlier. We have no way of knowing whether the amount of alcohol in defendant's blood at 1:30 was on the rise when the specimen was taken or whether the peak had been reached earlier and the result in evidence was on the downward trend.

Nevertheless, Bessman was aware of the amount of liquor consumed by his son-in-law over the three-hour period they had been drinking together before commencement of the trip—as noted, Harding had nothing to drink from the time he left home until the time of the accident. Bessman had had opportunity to observe the effect produced on Harding by drinking liquor on not to exceed four previous occasions during their seven years' acquaintance. With this means of knowledge Bessman chose to enter Harding's automobile.

On this occasion Bessman was more than a mere observer or participant. From 7:30 to 10:30 p. m. he aided, encouraged, cooperated and acquiesced in Harding's drinking the liquor purchased with Bessman's money. Decedent was the source of supply and promoter of activities which led to the accident for which his estate now seeks recovery.

These factual circumstances distinguish this from Berge v. Harris, supra.

The answer to the question presented by defendant's contention, stated in Division I supra, involves the problem not whether Bessman was negligent in failing to discover the danger presented by Harding's intoxicated condition but whether he voluntarily accepted the risk of a known or an obvious danger.

■ Assumption of risk should not be confused with contributory negligence in cases like this where contributory negligence is not an available defense. Bohnsack v. Driftmier, supra, 243 Iowa at 392, 52 N.W.2d at 84. "While the doctrine of contributory negligence and assumption of risk may arise under the same set of facts and sometimes thus overlap each other, yet we have consistently distinguished them and held that they are distinct and separate and must not be confounded with each other. (Citations)." White v. McVicker, 216 Iowa 90, 91, 246 N.W. 385, 386.

In defining the doctrine we have said in quoting Prosser, Law of Torts, Third Ed., section 67, page 454, "Assumption of risk 'is a distinctive kind of contributory negligence, in which the plaintiff knows the risk and voluntarily accepts it; and it has been held to differ from contributory

negligence which merely fails to discover the danger in several minor respects. Thus assumption of risk is governed by the subjective standard of the plaintiff himself, whereas contributory negligence is measured by the objective standard of a reasonable man.'" Berge v. Harris, supra, 170 N.W.2d at 627.

In meeting this subjective standard required where assumption of risk is alleged as an available defense it is not necessary defendant prove by direct evidence he had been drinking to the extent it was so obviously dangerous to ride with him that the guest knew it, but the requirement may be satisfied by inferences from circumstantial evidence.

Defendant contends Bessman's own intoxication will not relieve him from being charged with actual knowledge of Harding's intoxication. We agree.

The fact the guest may be voluntarily intoxicated to the point he lacks the mental capacity to appreciate the hazard of riding with a driver who is also intoxicated is not a bar to the defense of assumption of risk in an action brought under the guest statute for injuries sustained when the automobile is involved in an accident proximately caused by the driver's being under the influence of intoxicating liquor. See in support McAllister v. Travelers Ins. Co., La.App., 121 So.2d 283, 287–288; followed in Lemmon v. Babb, La. App., 219 So.2d 272, 277; Saxton v. Rose, 201 Miss. 814, 823, 29 So.2d 646, 649; Schubring v. Weggen, 234 Wis. 517, 520–524, 291 N.W. 788, 790–791; followed in Topel v. Correz, 3 Wis.2d 495, 498–499, 89 N.W.2d 295, 298; Davis v. Brooks Transportation Company, (DC D Del.), 186 F.Supp. 366, 371–372.

Enunciation of the above rule is not adopting the objective standard by which contributory negligence is measured where

plaintiff would be barred from recovery if her decedent should have known as a reasonable man that Harding was so far under the influence of liquor that it would be dangerous to ride with him.

We do not depart from the rule of our decisions that in order to invoke the doctrine of assumption of risk it is essential the risk or danger shall have been known to and appreciated by the guest or it shall have been so obvious it must be taken to have been known or comprehended. See Berge v. Harris, supra.

We have no doubt the effect of Harding's drinking was obvious when he and decedent left the Harding residence. If under the circumstances shown here plaintiff's decedent did not know Harding had been drinking to the extent it was dangerous to ride with him when they started for Dumont or was not so advised of his condition to appreciate the hazard incidental to the operation of the motor vehicle by him in which Bessman acquiesced, we can only conclude decedent's own intoxication prevented him from realizing this obvious fact.

The trial court should have directed a verdict for defendant. This is the exceptional case in which the party having the burden of proof on an issue has established it as a matter of law. Defendant's statement he and his wife felt he was able to drive is not sufficient to generate a jury question on the issue. There is nothing else to do so.

The case is reversed and remanded with directions to the trial court to set aside the judgment in plaintiff's favor and enter judgment for defendant notwithstanding the verdict.

Reversed and remanded.

All Justices concur except UHLEN-HOPP, J., who takes no part.