Wayne A. WOLD, Appellant,

v.

Richard Lee LACEY, Appellee.

No. 54307.

Supreme Court of Iowa.

Dec. 15, 1970.

Miller, Pearson & Gloe, Decorah, for appellant.

Meyer & Hoeger, Decorah, for appellee.

BECKER, Justice.

Plaintiff's action for personal injuries growing out of an automobile accident resulted in a directed verdict for defendant. Plaintiff appeals. We affirm.

Plaintiff was a guest in a car owned and operated by defendant. The petition alleges recklessness and intoxication. Defendant affirmatively alleged assumption of risk. The court held assumption of risk was proved as a matter of law as to both counts. Hence the directed verdict.

The accident from which this action arose occurred August 9, 1968, at approximately 2:00 P.M. The occupants of the car were the driver-defendant, Richard Lacey, the plaintiff, Wayne Wold, Laverne Quanrude and Loren Frey.

On the afternoon of August 8, 1968, the plaintiff and Quanrude drove from Decorah to Cedar Rapids. Each drank three or four cans of beer on the trip. They met the defendant in Cedar Rapids at about 4:00 P.M. and the three went to Quanrude's house. Plaintiff and defendant then went to defendant's apartment where plaintiff cleaned up and borrowed some clothes. The two then purchased a case of beer each and returned to Quanrude's house, between 7 and 8 o'clock. Some of Quanrude's friends came over and they all drank until approximately 11:00 P.M. when plaintiff and defendant left to go to a bar. While at Quanrude's, defendant had six or seven cans of beer and plaintiff around five. While at the bar plaintiff states they each had one beer. Defendant says they each had two or three with each one taking turns buying. After stopping to eat at a cafe they returned to Quanrude's, had another beer and retired around 2:30 A.M. Defendant felt ill around 4:30 A.M. and returned to his apartment.

When plaintiff awoke he called defendant to return, which he did around 8:30 A.M. Defendant had a couple of beers and plaintiff one. The three decided to go to Decorah and made ready for the trip by filling a cooler with a case of beer. On the trip they all drank beer. Plaintiff stated he and defendant had between four and six cans. Defendant said he had approximately eight.

On the trip to Decorah the defendant drove at speeds of 100 to 125 m. p. h. on two occasions. No protests were made to this speed. They arrived in Decorah around 1:30 P.M. and drove around occasionally squealing the tires. They stopped at a gas station where they met Loren Frey who then joined them for a ride. Frey testified all three occupants were intoxicated at the time he entered the car. Defendant admits being intoxicated. Plaintiff testified he and defendant had been friends for over nine years. They had been drinking at parties before. Defendant appeared to be normal.

After leaving the gas station defendant drove down Ice Cave Road. At one point the car slid sideways and Frey testified he asked defendant to slow down. Frey also stated he does not recall any other complaints about the defendant's driving. Plaintiff testified he told defendant on several occasions to slow down. The car was stopped at the foot of a hill in Palisades State Park. Plaintiff describes the ensuing action as follows:

" * * * The four of us each had a beer there while stopped. Mr. Lacey put the car in gear and took off, floored it, and we kept picking up speed, and I yelled for him to slow down; he kept picking up speed, and I seen the trees, and that is all that I remember. We hit the trees. * * *."

Plaintiff claims defendant's face was not flushed, he did not appear to be intoxicated; witness Frey who said defendant was intoxicated, nevertheless rode with him and, except for speed alone, defendant's

driving from Cedar Rapids to Decorah was acceptable. Basically, plaintiff argues this evidence is enough to justify submission of the case to the jury; that is, under all the facts, reasonable minds could differ as to whether plaintiff knew there was a risk and assumed it.

Plaintiff also contends the events on August 8 are irrelevant. We disagree. The entire association for the 22-hour period was properly considered by the trial court.

I. We have recently examined the question of directing a verdict on grounds the affirmative defense of assumption of risk has been proven as a matter of law. Bessman v. Harding, 176 N.W.2d 129 (Iowa 1970); Sauer v. Scott, 176 N.W.2d 140 (Iowa 1970). The two cases review our prior pronouncements in depth and agree on the principle of law to be followed. Under two different fact situations, the results differ. Each case is decided on its own facts. So it is here.

In Bessman v. Harding, supra, we said: " ' " * * * Thus assumption of risk is governed by the subjective standard of the plaintiff himself, whereas contributory negligence is measured by the objective standard of a reasonable man." ' " Berge v. Harris, supra, 170 N.W.2d 621 at 627.

"In meeting this subjective standard required where assumption of risk is alleged as an available defense it is not necessary defendant prove by direct evidence he has been drinking to the extent it was so obviously dangerous to ride with him that the guest knew it, but the requirement may be satisfied by inferences from circumstantial evidence." (Loc. cit. 176 N.W.2d at p. 134.)

The subjective standard does not preclude proof of assumption of risk as a matter of law. If the facts are so strong as to show it was obviously dangerous to ride with the driver, and reasonable minds cannot disagree that plaintiff had knowledge of such facts, the passenger may be held to have assumed the risk as a matter

of law. Stated differently, while the assumption of risk defense requires showing the person had actual knowledge of the danger, not merely that he should have known the danger, Sauer v. Scott, supra; Bohnsack v. Driftmier, 243 Iowa 383, 52 N.W.2d 79, nevertheless, this proof of actual knowledge may come from the factual circumstances and may be proved to the point where reasonable minds can reach no other conclusion. It is only in rare cases that such a strong showing is made. Sauer v. Scott, supra. Under the facts presented here a majority of the court finds this to be one of those cases.[1]

■ Taking the evidence in the light most favorable to plaintiff, as we are bound to do, we still have plaintiff and defendant on a beer drinking party for 22 hours before the accident. Except for a few sleeping hours (which occurred some five hours before the accident) the parties were together constantly. During this time defendant was drinking beer, if not constantly, at least regularly. According to plaintiff's own testimony, the quantity of beer consumed by defendant was about 12 cans on August 8, and 6 or 7 cans on August 9. Other testimony would put this at a substantially higher quantity. The extremely fast driving, squealing of tires and skidding were all additional indicia both of defendant's condition and his driving propensities. All witnesses who expressed an opinion (except plaintiff) say defendant appeared to be intoxicated. Plaintiff said he did not know whether defendant was intoxicated or not.

We have considered the evidence in the light most favorable to plaintiff. This is our duty in a directed verdict situation. Rule 344(f) (2), Rules of Civil Procedure. Even so, this court holds the trial court acted properly in deciding the case as a matter of law. Since the Iowa laws have been carefully re-examined in the recent

cases cited it is unnecessary to extend this opinion further.

Affirmed.

All Justices concur.

---

1. The writer is the only member of the court who feels the case might well have been submitted for jury determination.