Randall A. RIPPEL, Appellant,

v.

J.H.M. OF WATERLOO, INC., Appellee.

No. 6773B.

Supreme Court of Iowa.

Jan. 19, 1983.

Robert L. Rausch of Cutler & Rausch, Waterloo, and Michael W. Buckner, La-Porte City, for appellant.

Gerry M. Rinden and Denny Drake of Klockau, McCarthy, Ellison, Rinden & Hartsock, Rock Island, Ill., for appellee.

Considered by LeGRAND, P.J., and UHLENHOPP, HARRIS, McGIVERIN and CARTER, JJ.

LeGRAND, Justice.

This is a dram shop action brought by plaintiff, Randall A. Rippel, under Iowa Code section 123.92 to recover for injuries sustained by him in a single-car accident when the vehicle in which he was a passenger went out of control and struck a tree. At the end of plaintiff's case, the trial court sustained defendant's motion for a directed verdict on the ground the affirmative defense of assumption of risk had been established as a matter of law. We affirm the trial court.

The defendant is a corporation which owns and operates a tavern under the name of Stable Lounge. Rippel and Terry Dawes, driver of the car involved in this accident, had been drinking there for several hours and were admittedly intoxicated at the time the collision occurred.

On appeal, the plaintiff raises two issues: 1) the affirmative defense of assumption of risk is not available in a dram shop action, and 2) alternatively, it was error to direct a verdict because a jury question existed on whether plaintiff had assumed the risk.

I. *Assumption of Risk.*

Rippel alleges error in permitting defendant to raise assumption of risk as a defense. He bases his argument on the fact that Iowa Code section 123.92, the statute which creates this action, does not expressly provide for such a defense and, secondly, that it is against public policy to permit a dram shop defendant to avoid liability in this manner.

Defendant argues that Rippel failed to preserve error. We have some doubt that error was preserved, but in any event we believe his argument is groundless unless we should overrule *Berge v. Harris,* 170 N.W.2d 621, 625–27 (Iowa 1969), which we

are unwilling to do. We therefore hold against plaintiff on this issue.

II. *Directed Verdict for Defendant.*

Defendant's motion for directed verdict at the end of plaintiff's evidence was sustained on the ground the evidence showed that Rippel had assumed the risk of riding with an intoxicated driver as a matter of law.

In reviewing the court's ruling, we consider the evidence in the light most favorable to Rippel. Iowa R.App.P. 14(f)(2). Every legitimate inference which may reasonably be deduced from the evidence must be applied in favor of Rippel and, if reasonable minds could differ on the issue, it must be submitted to the jury. *Meeker v. City of Clinton,* 259 N.W.2d 822, 828 (Iowa 1977). The defendant has the burden to establish assumption of risk. *Six v. Freshour,* 231 N.W.2d 588, 591 (Iowa 1975). It is seldom a party having this burden establishes the defense as a matter of law. *Id.* at 592.

In *King v. Barrett,* 185 N.W.2d 210, 213 (Iowa 1971), we listed the following elements to be considered in deciding if a person had assumed the risk of riding with an intoxicated driver:

1. The driver's intoxication.
2. The injured person's knowledge of the driver's intoxication and of the danger involved.
3. The availability of an alternative course available to the injured party.
4. The injured party's voluntary choice to accept the risk, and
5. A showing the intoxication was the proximate cause of the injury.

Rippel argues the defendant has failed to establish either element (2) or (3) and that the doctrine was therefore erroneously applied. We disagree.

The facts are without substantial dispute. Rippel was a very forthright and candid witness. He testified unequivocally that he was intoxicated, that Dawes was intoxicated, that he knew Dawes was intoxicated, and that he was aware of the intoxication

at the time he entered the car upon leaving the Stable Lounge.

 His argument that he was not aware of the danger this involved is based upon his own intoxication. However, we said in *Bessmann v. Harding,* 176 N.W.2d 129 (Iowa 1970), that a party's own intoxication furnishes no excuse for his inability to properly understand the extent of the risk involved in riding with an intoxicated driver. *Id.* at 134. Rippel's own intoxication does not excuse him from recognizing the nature and extent of the danger to which he subjected himself. We therefore reject this argument.

The question of an alternative course of action available to him is arguably more uncertain. The evening which ended in this accident started out with four young men driving about the countryside drinking beer. The four were Dawes, Rippel, Terry Sommerfelt, and Dennis Pullin. They eventually ended up at the Stable Lounge, where the drinking continued. The heaviest drinkers were Dawes and Rippel. Sommerfelt and Pullin spent much of their time playing foosball.

It is unnecessary to discuss the extent of the drinking because Rippel concedes both he and Dawes were intoxicated. After they had been at the Stable Lounge almost two hours, Dawes stood up and said, "Let's go." Rippel, without protest, agreed and left with him. In his testimony Rippel says he left because he "wanted a ride home." He testified he didn't "even think of" seeing if there were other available rides.

The undisputed evidence shows Rippel left with Dawes without making any inquiries about the availability of other transportation. The other two young men— Sommerfelt and Pullin—remained and apparently obtained rides back to LaPorte City.

 Assumption of risk may be proven by express testimony or by inference from the factual circumstances. *Wold v. Lacey,* 182 N.W.2d 130, 131–32 (Iowa 1970). Each case must be decided on its own facts, and prior decisions are of only limited help. *Six*

*v. Freshour,* 231 N.W.2d at 591. We believe the facts here lead to only one conclusion— that Dawes was intoxicated, that Rippel knew he was intoxicated, that Rippel neither sought nor wanted other transportation, and that he voluntarily assumed the risk of riding with a known intoxicated driver.

The order directing entry of directed verdict for defendant is affirmed.

AFFIRMED.