# IN THE COURT OF APPEALS OF IOWA

No. 19-0565
Filed April 29, 2020


**ERNIE L. ANDERSON and ANTHONY ANDERSON Co-Administrators and Personal Representatives of the ESTATE OF CHARLOTTE L. ANDERSON, DECEASED,**
    Plaintiffs-Appellants,

**vs.**

**LINDSAY M. ARNDT,**
    Defendant-Appellee.

_____


Appeal from the Iowa District Court for Harrison County, James S. Heckerman, Judge.


The estate of Charlotte Anderson appeals the order granting summary judgment on a wrongful death claim in favor of Lindsay Arndt. **AFFIRMED.**


Theodore R. Boecker Jr. of Boecker Law, P.C., L.L.O., Omaha, Nebraska, for appellants.

James N. Daane of Mayne, Hindman, Daane, Parry & Wingert, Sioux City, for appellee.


Considered by Vaitheswaran, P.J., and Doyle and May, JJ.

**DOYLE, Judge.**

An intoxicated Austin Arndt was driving a Ford F-150 that struck and killed Charlotte Anderson on July 4, 2015. Anderson's estate filed a wrongful death suit against Lindsay Arndt asserting she was vicariously liable for Austin's actions because she was on the vehicle's certificate of title as co-owner. But the district court found that the undisputed facts showed Lindsay transferred ownership of the vehicle to Austin no later than June 30, 2015. On this basis, it granted summary judgment in Lindsay's favor. The estate appeals.

We review the district court's ruling for the corrections of errors at law. *See Banwart v. 50th St. Sports, L.L.C.*, 910 N.W.2d 540, 544 (Iowa 2018). We view the evidence in the light most favorable to the estate, granting it every legitimate inference the facts will bear. *See id.* at 545. If the undisputed material facts show Lindsay Arndt is entitled to judgment as a matter of law, we will affirm the grant of summary judgment. *See id.* at 544.

The owner of a vehicle is vicariously liable for damage it causes if the owner consents to another person driving and that person acts negligently. *See* Iowa Code § 321.493(2)(a) (2015). But when

> [a] person who has made a bona fide sale or transfer of the person's right, title, or interest in or to a motor vehicle and who has delivered possession of the motor vehicle to the purchaser or transferee shall not be liable for any damage thereafter resulting from negligent operation of the motor vehicle by another, but the purchaser or transferee to whom possession was delivered shall be deemed the owner.

Id. at § 321.493(3). Ordinarily one must transfer certificate of title for sale or transfer of the vehicle. *See id.* § 321.45(2)(a) ("A person shall not acquire any right, title, claim, or interest in or to any vehicle subject to registration under this

chapter from the owner thereof except by virtue of a certificate of title issued or assigned to the person for such vehicle . . . .").  But the legislature decided this requirement "shall not apply" in determining, for the purpose of fixing vicarious liability, whether a sale or transfer occurred.  *See id.* § 321.493(3).

The undisputed facts show that Lindsay and Austin Arndt were married when they acquired title to the F-150.  They were co-owners on the certificate of title.  They separated and filed for divorce in October 2014.  The next month, they entered into a temporary stipulation.  The resulting November 6, 2014 stipulated temporary order provided that each party would retain possession of their respective vehicles while the case was pending.  The F-150 was in Austin's possession.  During a January 2015 mediation, Lindsay and Austin agreed that Austin would be awarded the F-150 in the decree.  The terms of the mediation agreement were reported to the court in June.  The only issues remaining for the court to decide at the June 30, 2015 dissolution trial concerned child custody and matters unrelated to ownership of the F-150.  The decree was entered after July 4, 2015.

In granting summary judgment on the estate's wrongful death claim, the district court found the undisputed facts showed that Lindsay "transferred ownership of the F-150 to Austin no later than June 30, 2015, if not prior."  It further found that even if ownership had not been transferred solely to Austin by the time of trial, he was in sole possession of the vehicle on July 4, 2015.  The court noted that under the temporary order, Lindsay had no right to possess the truck or consent to its use "and would have been in violation of [the court's] order had she

tried to do so."  On this basis, it held Lindsay could not be vicariously liable for Charlotte Anderson's death as a matter of law.

The estate argues that the certificate of title in Lindsay's name provides a prima facie case of ownership and the question was ultimately for the jury to decide.  The estate cites several cases, including *Six v. Freshour*, 231 N.W.2d 588, 591 (Iowa 1975).  In *Six*, the defendant "testified he held title to the truck for the convenience of his son; that his son had exclusive use of and control over it; and that his son made the contract payments, paid license fees, and bought insurance on the vehicle."  231 N.W.2d at 590.  But the evidence also showed that "the truck was licensed in defendant's name, the contract of purchase was executed by him, and the insurance policy issued to him as owner," besides the defendant's statements claiming ownership of the vehicle following the accident.  *Id.*  On this basis, the court held that "the issue of defendant's ownership of the truck could not be decided as a matter of law" and "[t]he trial court was right in submitting this question for jury determination."  *Id.* at 591.

Factually, this case before us is more like *Hartman v. Norman*, 112 N.W.2d 374, 380 (Iowa 1961), in which our supreme court held the title holder and registered owner of a vehicle, who was named in a lawsuit alleging vicarious liability under section 321.493, was entitled to a directed verdict because "uncontradicted evidence" showed the driver made a bona fide purchase.  The evidence showed the driver entered an "unambiguous" written contract to purchase the vehicle, making a down payment, and taking and retaining possession of the vehicle.  *Hartman*, 112 N.W.2d at 380.

Although the case before us involves a transfer rather than a sale, the record similarly supports a finding of transfer. Lindsay and Austin entered a stipulation that the court accepted and incorporated into a temporary order. "A stipulation and settlement in a dissolution proceeding is a contract between the parties" and is entitled "to all of the sanctity of an ordinary contract if supported by legal consideration." *In re Marriage of Briddle*, 756 N.W.2d 35, 40 (Iowa 2008) (citation omitted). To have a bona fide transfer, one party must have enforceable rights against the other, such as those provided by contract. *See Desy v. Rhue*, 462 N.W.2d 742, 745-46 (Iowa Ct. App. 1990) (interpreting *Hartman* and section 321.493 in holding "a contract should be a prerequisite" to finding a bona fide sale or transfer for the purpose of imposing vicarious liability). The stipulation, temporary order, and settlement agreement provide enforceable rights. As the trial court noted, Lindsay would have been violating a court order if she had tried to assert ownership rights over the F-150 after November 2014. We conclude the undisputed facts show that all rights and interest, including possessory rights, in the F-150 were transferred to Austin by Lindsay before July 4, 2015. Thus she was not an "owner" subject to vicarious liability under section 321.493(2)(a). In view of the transfer, that she was still listed on the vehicle's certificate of title as co-owner is of no consequence for the purpose of fixing vicarious liability. Iowa Code § 321.493(3).

We therefore affirm the order granting summary judgment for Lindsay Arndt.

**AFFIRMED.**